**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4352**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ESCOVIO RIOS, a/k/a Chavo,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Martin K. Reidinger, District Judge. (2:12-cr-00025-MR-DLH-2)

Submitted: January 27, 2015        Decided: February 2, 2015

Before KING, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Escovio Rios appeals the 151-month sentence imposed by the district court following his conviction by a jury of conspiracy to possess with intent to distribute at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). On appeal, Rios contends that, under Alleyne v. United States, 133 S. Ct. 2151 (2013), the district court violated his Sixth Amendment right to a jury trial by engaging in judicial factfinding to determine the drug quantity for which he was responsible in establishing the applicable Sentencing Guidelines range. Finding no error, we affirm.

Rios did not raise his sentencing claim in the district court; thus, we review for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard); see also Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In Alleyne, the Supreme Court held "that any fact that increases the mandatory minimum is an element [of the offense] that must be submitted to the jury." 133 S. Ct. at 2155 (internal quotation marks omitted). The Alleyne Court made clear, however, that its holding did not infringe on district courts' otherwise "broad sentencing discretion, informed by judicial factfinding." Id. at 2163; see United States v. Smith, 751 F.3d 107, 117 (3d Cir. 2014) ("Alleyne did not curtail a

sentencing court's ability to find facts relevant in selecting a sentence <u>within</u> the prescribed statutory range.").

We conclude that the district court did not violate Rios' Sixth Amendment right to a jury trial by engaging in judicial factfinding at sentencing that did not affect the applicable statutory mandatory minimum and maximum sentences. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(viii) (2012) (providing applicable mandatory minimum and maximum sentences). We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>